J-S19007-26
J-S19008-26
J-S19009-26
J-S19010-26
J-S19011-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NICOLE ASHLEIGH TRACY | : | |
| | : | |
| Appellant | : | No. 1283 WDA 2025 |

Appeal from the Judgment of Sentence Entered August 7, 2025
In the Court of Common Pleas of Venango County Criminal Division at
No(s): CP-61-CR-0000047-2022

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NICOLE ASHLEIGH TRACY | : | |
| | : | |
| Appellant | : | No. 1284 WDA 2025 |

Appeal from the Judgment of Sentence Entered August 7, 2025
In the Court of Common Pleas of Venango County Criminal Division at
No(s): CP-61-CR-0000207-2025

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NICOLE ASHLEIGH TRACY | : | |
| | : | |
| Appellant | : | No. 1285 WDA 2025 |

J-S19007-26
J-S19008-26
J-S19009-26
J-S19010-26
J-S19011-26

Appeal from the Judgment of Sentence Entered August 7, 2025
In the Court of Common Pleas of Venango County Criminal Division at
No(s):  CP-61-CR-0000205-2025

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NICOLE ASHLEIGH TRACY | : | |
| | : | |
| Appellant | : | No. 1286 WDA 2025 |

Appeal from the Judgment of Sentence Entered August 7, 2025
In the Court of Common Pleas of Venango County Criminal Division at
No(s):  CP-61-CR-0000204-2025

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NICOLE ASHLEIGH TRACY | : | |
| | : | |
| Appellant | : | No. 1287 WDA 2025 |

Appeal from the Judgment of Sentence Entered August 7, 2025
In the Court of Common Pleas of Venango County Criminal Division at
No(s):  CP-61-CR-0000637-2023

BEFORE:   SULLIVAN, J., NEUMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY SULLIVAN, J.:                    **FILED: July 14, 2026**

---

[*] Former Justice specially assigned to the Superior Court.

- 2 -

Nicole Ashleigh Tracy ("Tracy") appeals from the judgment of sentence following the revocation of her probation for aggravated harassment by a prisoner and unauthorized use of a motor vehicle.[1] Because Tracy failed to properly preserve her challenge to the discretionary aspects of her sentence, we affirm.

In February 2022, Tracy pleaded guilty to aggravated harassment by a prisoner. *See* Trial Court Opinion, 12/26/25, at 1. She was sentenced to a split sentence of one year less one day to two years less one day, followed by two years of probation.[2] In January 2024, Tracy pleaded guilty to unauthorized use of a motor vehicle and was sentenced in March 2024 to an aggregate term of ninety days to two years of imprisonment, less one day. *See id*. Tracy filed a petition seeking parole in June 2024, which the court granted later that month. *See id*. at 1-2. In May 2025, Tracy pleaded guilty to theft by unlawful taking, evading arrest on foot, and retail theft, thus directly violating the conditions of her probation and parole.[3] The

---

[1] *See* 18 Pa.C.S.A. §§ 2703.1, 3928(a).

[2] We note the record is unclear as to several aspects of Tracy's sentencing history, including the date of this sentence, which we assume was 2022. The transcript of sentencing reveals it was a split sentence and Tracy was serving the "probationary tail" of her sentence during her VOP proceedings. *See* N.T., 8/7/25, at 10.

[3] *See* 18 Pa.C.S.A. §§ 3921(a), 5104.2(a), 3929(a)(1).

Commonwealth filed a motion to revoke Tracy's parole and probation. *See id*. at 2.

At a hearing in July 2025, the violation of probation ("VOP") court granted the Commonwealth's motion to revoke Tracy's parole and probation. *See id*. In August 2025, the VOP court resentenced Tracy to thirty to sixty months of imprisonment for aggravated harassment by a prisoner and three to twelve months of imprisonment for retail theft.[4] The sentences ran concurrent to each other but consecutive to a prior sentence for escape, for which Tracy was then on parole.[5] *See id*. at 3. Tracy's resentence for aggravated harassment by prisoner fell within the aggravated range of the sentencing guidelines. *See id.* at 5-6.[6] Tracy filed a post-sentence motion,

_____

[4] We note Tracy had two additional May 2025 charges which she does not contest, so we do not address them. *See* Trial Court Opinion, 12/26/25, at 3.

[5] *See* 18 Pa.C.S.A. § 5121(a). Tracy entered a guilty plea to escape in November 2022. She was granted parole at some unknown time. The Commonwealth filed a motion to revoke this parole as well as the two mentioned in this appeal. However, the trial court issued an order stating it lacked jurisdiction because Tracy's sentence for escape was a state sentence. As such, Tracy's sentence for escape is not at issue in this appeal. *See* Trial Court Opinion, 12/26/25, at 3 n.2.

[6] In 2022, Tracy had a prior record score ("PRS") of 5 and an offense gravity score ("OGS") of 6, resulting in a standard-range sentence of twenty-one to twenty-seven months of imprisonment. *See* 204 Pa. Code § 303.16(a). We note that it is unclear whether the 5th or 6th Amendments to the 7th Edition of the Sentencing Guidelines apply; the standard-range sentence is the same

*(Footnote Continued Next Page)*

- 4 -

J-S19007-26
J-S19008-26
J-S19009-26
J-S19010-26
J-S19011-26

which the trial court denied. Tracy timely appealed, and she and the trial court complied with Pa.R.A.P. 1925.[7]

Tracy raises the following issue for our review:

Was the aggravated range sentence in this case manifestly excessive and clearly unreasonable, unaccompanied by a sufficient statement of reasons, and not individualized as required by law when mitigating factors were not taken into account by the sentencing judge?

Tracy's Brief at 4.

Our review of appeals from a sentence imposed after the revocation of probation is limited to assessing "the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." **Commonwealth v. Wright**, 116 A.3d 133, 136 (Pa. Super. 2015) (citation omitted). Tracy's issue implicates the discretionary aspects of sentencing.

_____

under both, and we are unable to locate an indication in the record of which guidelines applied. It is not the responsibility of this Court to search through and scrutinize the record to determine if an appellant's claims have factual support. **See Commonwealth v. Samuel**, 102 A.3d 1001, 1005 (Pa. Super. 2014). Nevertheless, because the VOP court does not contest that it sentenced within the aggravated range, and there is no argument that incorrect guidelines were applied, the lack of citations to the record does not affect our disposition of this appeal.

[7] We note with disapproval the Commonwealth failed to file a brief in this case.

- 5 -

Our standard of review for challenges to the discretionary aspects of sentencing is well settled: "The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal." **Commonwealth v. Stewart**, 327 A.3d 301, 304 (Pa. Super. 2024) (citation omitted). An abuse of discretion is more than an error in judgment. **See Commonwealth v. Lucky**, 229 A.3d 657, 663 (Pa. Super. 2020). To demonstrate an abuse of discretion, an appellant "must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." **Id**. (internal citation omitted). The VOP court must consider the factors set forth in Subsection 9721(b) of the Sentencing Code when imposing a sentence of total confinement after a probation revocation.[8] **See Commonwealth v. Derry**, 150 A.3d 987, 994 (Pa. Super. 2016); **Commonwealth v. Martin**, No. 1253

---

[8] Subsection 9721(b) requires that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b).

WDA 2024, 2025 WL 1704405 at *6 (non-precedential memorandum) (Pa. Super. June 18, 2025).[9]

There is no absolute right to challenge the discretionary aspects of a sentence. *See Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by:

> (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[;]" and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Padilla-Vargas*, 204 A.3d 971, 975 (Pa. Super. 2019) (citation omitted) (brackets in original); *see also* 42 Pa.C.S.A. § 9781(b).

Tracy timely appealed and her brief includes a Rule 2119(f) statement. However, before determining whether Tracy presents a substantial question, we must first consider whether Tracy raised her discretionary aspects of sentencing claims in that motion and therefore preserved them for our review. *See Moury*, 992 A.2d at 170.

Although Tracy filed a timely post-sentence motion, she did not assert her sentences were excessive because they were imposed consecutively nor

---

[9] *See* Pa.R.A.P. 126(b) (non-precedential memoranda decision of Superior Court filed after May 1, 2019, may be cited for persuasive value).

did she assert the trial court's failure to consider mitigating factors or to explain its imposition of an aggravated range sentence. *See* Post-Sentence Motion, 8/15/25, at 2. Instead, Tracy's post-sentence motion simply averred: "The sentence is excessive, considering that the new crimes which [Tracy] committed were not serious in nature." *Id*. at 2.

An appellant waives a challenge to the discretionary aspects of sentence not raised in a post-sentence motion; she may not raise it for the first time on appeal. *See Commonwealth v. Bradley*, 237 A.3d 1131, 1138-39 (Pa. Super. 2020) (finding claim waived where appellant did not raise it in a post-sentence motion). In her post-sentence motion, Tracy did not assert her consecutive sentences were manifestly excessive and clearly unreasonable or that the trial court failed to consider mitigating factors; thus, she waived those claims. *See* Post-Sentence Motion, 8/15/25; *Commonwealth v. Ryan*, 909 A.2d 839, 845 (Pa. Super. 2006) (explaining that even if both theories support the same allegation of error, the different theory raised on appeal is waived). Because the theories Tracy raises on appeal were not specifically raised in the post-sentence motion, they are waived. *See Bradley*, 237 A.3d at 1138-39.[10]

---

[10] Even if preserved, Tracy's claim is waived for failure to state a substantial question. This Court has declined to find a substantial question based on a boilerplate claim of excessiveness. *See, e.g.*, *Commonwealth v.*
*(Footnote Continued Next Page)*

J-S19007-26
J-S19008-26
J-S19009-26
J-S19010-26
J-S19011-26

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 07/14/2026

---

***Mastromarino***, 2 A.3d 581, 589 (Pa. Super. 2010); ***Commonwealth v. Gonzalez-Dejusus***, 994 A.2d 595, 599 (Pa. Super. 2010).  As Tracy's theory for relief changed on appeal, her 2119(f) statement provides no case law to support her claim that an excessive sentence based on the nature of the crime presents a substantial question.  ***Cf. Commonwealth v. Dodge***, 77 A.3d 1263, 1271 (Pa. Super. 2013) (explaining excessive sentence claim can sometimes raise substantial question when the claim is not boilerplate, such as by citing to authority supporting the appellant's assertion a substantial question existed).

Tracy could not prevail even if she had presented a substantial question. The VOP court considered Tracy's poor behavior, parole and probation violations, new criminal convictions, and rehabilitative needs, and ultimately determined Tracy was a poor candidate for probation and required incarceration.  ***See*** N.T., 8/7/25, at 28-30.  The VOP court acknowledged the standard-range guidelines and stated the reasons for the aggravated-range sentence on the record.  ***See id***.; Trial Court Opinion, 12/26/25, at 5-8; ***Commonwealth v. Bowen***, 975 A.2d 1120, 1122 (Pa. Super. 2009) (citing 204 Pa. Code § 303.13(c)) (reiterating that the sentencing judge must state their individualized reasoning on the record for aggravated range to be permitted).  We will not disturb a sentence where it is evident the court was aware of the appropriate sentencing considerations and weighed them in a meaningful fashion.

- 9 -